IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



CLIFFORD J. SCHUETT,

    Plaintiff,

v.                                              Civil Action No. 3:17CV102

MR. WILSON, et al.,

    Defendants.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on June 13, 2017, the Court dismissed without prejudice an "IMMINENT DANGER COMPLAINT," filed by Clifford J. Schuett, a federal inmate, because he made no attempt to comply with the Court's directives. Schuett v. Wilson, No. 3:17CV102, 2017 WL 2569888, at *1-3 (E.D. Va. June 13, 2017). In the June 13, 2017 Memorandum Opinion, the Court explained as follows:

> Schuett labeled his action, "IMMINENT DANGER COMPLAINT," flagging to the Court that he likely has three strikes under 28 U.S.C. § 1915(g). That statute provides:
>> In no event shall a prisoner bring a civil action [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Accordingly, by Memorandum Order entered on March 9, 2017, the Court directed Schuett to "identify each prior action or appeal that was dismissed as frivolous or for failure to state a claim." (ECF No. 2, at 2.) Moreover, the Court noted that Schuett's "submissions indicate that he has suffered from these many health conditions for a lengthy period of time and that he is not 'under imminent danger of serious physical injury,' 28 U.S.C. § 1915(g), from these chronic conditions." (Id.) The Court also directed Schuett "to identify each prior action that he filed from 2010 to the present challenging his medical care for the above-listed medical conditions. Schuett must provide the court in which each action was filed. Additionally, Schuett must also provide a brief summary of the ruling in each action." (Id. at 2-3.)

In his Response to the March 9, 2017 Memorandum Order, Schuett wholly failed to comply with the Court's directives. On his in forma pauperis affidavit, Schuett indicated that he had one case that was dismissed as frivolous or failure to state a claim. (ECF No. 3, at 2.) However, from the most cursory search, the Court discerns that Schuett has many cases that have been dismissed as frivolous or for failure to state a claim that he failed to identify. See Schuett v. Governor, State of Haw., No. 14-00374, 2014 WL 5781409, at *1-2 (D. Haw. Nov. 6, 2014) (listing cases that are strikes under § 1915(g)).

Schuett also failed to identify any cases in which he has challenged his medical care for the conditions he outlines in his complaint. Instead, his in forma pauperis affidavit was accompanied by "PLAINTIFF'S ANSWER TO THE COURT'S ORDER," that rants about his medical conditions and then "apologizes to the Court about his outbursts." (ECF No. 4, at 4 (capitalization and punctuation corrected).)

In the interim, failing to receive the result he desired in the instant action, Schuett filed a new action and attempted to litigate the new action instead of complying with the directives of the Court. See Schuett v. Wilson, 3:17CV174 (E.D. Va.).[1]

---

[1] In that action, by Memorandum Order entered on April 28, 2017, the Court warned Schuett: "[T]he Court will take no action in the instant case until

2

Even though Schuett failed to comply with the Court's directives, the Court provided Schuett a second opportunity to do so. Accordingly, by Memorandum Order entered on April 24, 2017, the Court instructed Schuett that, in order to be granted *in forma pauperis* status, Schuett must comply with the Court's directives. Accordingly, the Court stated

> it is ORDERED that Schuett is directed to submit one document that contains the following information:
> 1. In the first section, Schuett must identify each prior action or appeal that was dismissed as frivolous or for failure to state a claim.[2]
> 2. As previously outlined, in an effort to get around the bar of 28 U.S.C. § 1915(g), Schuett suggests that he is a parapalegic in a wheelchair, has a prior shoulder injury from 2015 which causes him trouble propelling his wheelchair, but Defendants are forcing him to push his own chair, has cataracts causing him to be blind in one eye, and has had a urinary tract infection and has had to self-catheterize since before he was transferred to FCI Petersburg in January 2017. (Compl. 2-3.) Schuett admits that he has received medical care since his transfer, but nevertheless believes he has been placed in "imminent danger" by the actions of Defendants. (Id.)
> 
> Schuett's submissions indicate that he has suffered from these many health conditions for a lengthy period of time and that he is not "under imminent danger of

---

Schuett complies with the directives of the Court in 3:17CV102. Moreover, failure to comply with the Order (ECF No. 5) in 3:17CV102 will result in dismissal of that action and this one." Schuett v. Wilson, 3:17CV174 (E.D. Va.), ECF No. 18.

[2] McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("[N]othing in our analysis of dismissals for failure to state a claim suggests that dismissals for frivolousness should be exempted from § 1915(g)'s strike designation, even when the dismissal is rendered without prejudice.").

3

serious physical injury," 28 U.S.C. § 1915(g), from these chronic conditions. In the second section of the document Schuett submits, he is also directed to identify each prior action that he filed from 2010 to the present challenging his medical care for the above-listed medical conditions. Schuett must provide the court in which each action was filed. Additionally, Schuett must also provide a brief summary of the ruling in each action.

3. At the end of the document, Schuett must certify under penalty of perjury that the information contained in the document is correct. See also 28 U.S.C. § 1932 (permitting revocation of earned good time credit on the Court's own motion for claims that are malicious, are filed for the purpose of harassing the defendants, or if the "claimant testifies falsely otherwise knowingly presents false evidence or information to the court").

4. Failure to comply with the above directives within the fifteen (15) day time limit will result in dismissal of the action.

(ECF No. 5, at 3-4.)

Schuett has responded. However, Schuett made absolutely no attempt to comply with the directives of the Court. At most, Schuett states: "Sir, I can not respond to your order of . . . past law suits, my memory is not that good. You may check my medical records and will see I do have memory problems. I do not have the money to hire a researcher or paralegal to get all the information you are demanding in your court order." (Resp. 1, ECF No. 6.) Instead of making an honest attempt to list any case he might have remembered filing,[3] Schuett simply lists his medical conditions and injuries.

---

[3] In its previous Memorandum Order, the Court even provided Schuett with a citation to a case where he was found to have three strikes. See Schuett v. Governor, State of Haw., No. 14-00374, 2014 WL 5781409, at *1-2 (D. Haw. Nov. 6, 2014) (listing cases that are strikes under § 1915(g)).

4

Under 28 U.S.C. § 1915(a), the Court "'may authorize,' i.e., has the discretion to allow, the commencement of a suit without prepayment of fees." Blakely v. Wards, 738 F.3d 607, 612 (4th Cir. 2013) (citing § 1915(a)). Thus, it follows that the Court's "authority to deny IFP status to a prisoner who has abused the privilege is clear." Id. The Court is under no obligation to award IFP status and may deny IFP status if doing so promotes "the interests of justice." In re McDonald, 489 U.S. 183-84 (1989); see Blakely, 738 F.3d at 619-20 (Wilkinson, J., concurring). The Court cannot allow Schuett to proceed in forma pauperis in the face of such willful failure to comply with the Court's directives and in light of his litigious past. The Court twice instructed Schuett to provide information to the Court to assist the Court in ascertaining whether he should be permitted to proceed without prepayment of the filing fee. Schuett failed to assist the Court in that inquiry. While "[p]ro se litigants are entitled to some deference from courts . . . they as well as other litigants are subject to the . . . respect for court orders without which effective judicial administration would be impossible." Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (internal citation omitted. Accordingly, this Court will dismiss the action without prejudice. If Schuett desires to reassert his claims, he may file a new action accompanied by the full $400.00 filing fee.

In the alternative, Schuett may file a new action with a separate document that complies with the directives in April 24, 2017 Memorandum Order as quoted above.

---

Even with this prompting, Schuett made no effort to attempt to list any prior cases he may have filed. The Court believes that Schuett has accumulated three qualifying strikes. Section 1915(g) "creates a mandatory-denial baseline for IFP applications: if a prisoner has three strikes, he is categorically precluded from proceeding IFP (absent showing of imminent danger of serious physical injury)." Blakely v. Wards, 738 F.3d 607, 619 (4th Cir. 2013) (Wilkinson, J., concurring). For this reason alone, the Court can deny Schuett's application for in forma pauperis.

5

Schuett, 2017 WL 2569888, at *1-3.

Since the dismissal of this action without prejudice, Schuett has made no attempt to comply with the directives of the Court. Instead, on September 19, 2017, the Court received two documents from Schuett, a "PETITION AND MOTION THAT THIS CIVIL ACTION BE REOPENED BECAUSE THE PRESIDING JUDGE WAS PREJUDICED IN THIS CIVIL COMPLAINT" ("Motion To Reopen," ECF No. 9), and a "MOTON AND PETITION FOR A HEARING SHOWING THAT THE PLAINTIFF HAS BEEN INJURED BY THE DEFENDANTS IN ABUSE AND ASSAULTS BY THE DEFENDANTS" ("Motion for Hearing," ECF No. 10).

In his Motion to Reopen, Schuett states: "This Complaint should have never been dismissed by the presiding judge. The judge was prejudiced against the Plaintiff in this case." (Id. at 1.)[4] Schuett apparently believes that the undersigned was prejudiced because he "never looked at the Plaintiff's case" and "denied [Schuett] the right to submit evidence in [his] defense." (Id. at 2.) Schuett identifies no prejudice by the Court simply based on the fact that the action was dismissed prior to a review of the merits. As detailed above in the text of the June 13, 2017 Memorandum Opinion, Schuett made no effort to follow the Court's instructions despite the Court's provision of several opportunities for Schuett to do as instructed.

---

[4] The Court corrects the capitalization in the quotations to Schuett's submissions.

Schuett's refusal to comply with the Court's directives alone resulted in the dismissal of the action. Schuett identifies no prejudice of the undersigned, and the Motion to Reopen (ECF No. 9) will be denied.

In his Motion for Hearing, Schuett fails to identify a procedural vehicle that would allow this Court to have a hearing in a closed action where Schuett has yet to comply with any of the directives of the Court. To the extent that Schuett wishes his claims to be before the Court for review, Schuett must file a new complaint that will be treated as a new civil action. Schuett's complaint must be accompanied by the full $400.00 filing fee or he must file the new action with a separate document that complies with the directives in the April 24, 2017 Memorandum Order as quoted above. Schuett's Motion for Hearing (ECF No. 10) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Schuett.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: October 13, 2017
Richmond, Virginia